UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62692-SMITH/Valle

CHARLES J. ADELSON,

   *Plaintiff,*

v.

BERKSHIRE LIFE INSURANCE
 COMPANY OF AMERICA,

   *Defendant.*
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR JUDICIAL NOTICE

Plaintiff Charles J. Adelson opposes Defendant Berkshire Life Insurance Company's Renewed Motion for Judicial Notice (DE 191).

## INTRODUCTION

The sole issue presented in this single-count breach of contract case is whether Dr. Adelson was entitled to disability insurance benefits. As it turns out, Berkshire's own doctors agree that Dr. Adelson was disabled.[1] Berkshire cannot avoid this inconvenient truth, so it seeks to divert the focus away from the medical evidence, attempting to improperly influence the outcome of Dr. Adelson's disability insurance claim by introducing highly-prejudicial evidence of "negative publicity" pertaining to the criminal investigation of Mr. Dan Markel's murder.

---

[1] See, e.g., ECF No. 100-4 at 19:25-20:2 ("Dr. Adelson should have done less, should have performed fewer of his occupational duties to diminish or abate his pain condition, which was recommended to him.").

Berkshire claims that some of Dr. Adelson's lost income is due to negative publicity surrounding the murder investigation, rather than his occupational disability. There is no probative value to the details of this publicity, nor any reason for this Court to take notice of its content, yet Berkshire advances this motion as a vehicle to deposit more than 331 pages on this Court's docket, requesting judicial notice of internet blog posts, a Wikipedia page, and materials dated years after Dr. Adelson submitted his disability claim. Berkshire's motion is a blatant diversionary tactic: Dr. Adelson only seeks benefits through the filing of this action in December 2020,[2] yet over half the materials Berkshire submits to this Court – Exhibits E-H (195 pages) – were first generated in 2022, and can have no bearing on the parties' claims and defenses at trial.

This Court should deny Berkshire's motion in its entirety.

## MEMORANDUM OF LAW

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (declining to take "judicial notice of the unofficial conduct of one person based upon newspaper accounts"). Judicial notice is limited to adjudicative facts, which are "facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Courts "may refuse to take judicial notice of facts that are irrelevant to the proceeding." *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 2021 WL 6140965, at *1 (quoting *United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997), *aff'd* 168 F.3d 505 (11th Cir. 1999)). "Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the

---

[2] ECF No. 195 at 26, 38 (jury instructions confirming benefits sought through December 2020).

relevancy, foundation, and hearsay rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009) (district court abused its discretion where "[e]ach judicially noticed document included hearsay evidence which is generally only admissible at trial through an enumerated hearsay exception").

This Court should deny Berkshire's motion in its entirety because the submitted materials (1) are irrelevant to Dr. Adelson's disability claim, (2) do not conclusively establish any adjudicative fact in this case, and (3) contain highly prejudicial hearsay.

First, Berkshire's "negative publicity" defense requires proof that some of Dr. Adelson's income loss was not due to his disability, but instead because some South Florida dentists stopped working with him based on publicity concerns. This defense is limited to an avoidance of damages, assuming Berkshire can prove that Dr. Adelson lost work from any dentist due to negative publicity and not his disability.[3] The various "publications" Berkshire submits to this Court are wholly irrelevant to Dr. Adelson's disability claim absent some evidence that a witness was aware of the document and it influenced their decision to work with Dr. Adelson. This Court should accordingly decline to take notice of any evidence related to Mr. Markel's murder investigation because, standing alone, such evidence has no bearing on Dr. Adelson's one-count breach of contract action for disability benefits. *See*, *e.g.*, *Pin-Pon Corp.*, No. 20-14013-CV-MIDDLEBROOKS/Maynard, 2021 WL 6140965, at *1 (refusing to take notice of state trial court exhibits in underlying contract case because they were irrelevant to subsequent bad faith litigation).

---

[3] Berkshire, however, cannot introduce any competent evidence permitting a jury to determine what percentage of Dr. Adelson's lost income would be attributable to any specific dentist. ECF No. 193 at 4.

Second, Berkshire's submissions cannot establish any adjudicative fact in this case. Berkshire claims that notice should be limited to the publication of these documents, but the mere fact of publication is not "relevant to a determination of the claims presented" in this case. *Dippin' Dots*, 369 F.3d at 1204. Again, Berkshire cannot rely on the existence of published material to establish a "negative publicity" defense by inference. Berkshire must produce evidence of the dentists employing Dr. Adelson that actually read these publications and were influenced by their content. Berkshire must connect the negative publicity with its alleged effect, and this Court cannot simply take notice that potential witnesses (South Florida dentists) were scouring the pages of the Tallahassee Democrat, the Above the Law legal blog, the Tax Prof blog, the docket in Ms. Magbanua's criminal proceeding, nor any other sources for information about Dr. Adelson.

Likewise, Berkshire cannot logically maintain that Dr. Adelson (or the dentists he worked with) were influenced with respect to his 2016 disability claim by materials that were first published (or events that occurred) in 2019 or later. Dr. Adelson only seeks disability benefits through the filing of this action in December 2020, yet Berkshire submits 195 pages (Exhibits E, F, G, and H) of materials generated after 2022. This is an improper request, as this Court cannot take judicial notice of documents or events that are far beyond the scope of this case, establish no adjudicative facts, and that Berkshire has no foundation to admit at trial.

Third, Berkshire's request for judicial notice is purportedly limited to publication of the submitted documents, and not the truth of their content. But publication alone is insufficient to establish Berkshire's theory that Dr. Adelson's periodontal practice was adversely affected by negative publicity. Berkshire must establish that, in 2016, certain dentists employing Dr. Adelson became aware of the publicity and terminated their business relationship with Dr. Adelson as a

4

result. Publication alone is meaningless, and Berkshire has cited no authority permitting judicial notice of publications or events under similar circumstances.

Judicial notice, moreover, cannot be limited to publication alone, since Berkshire will inevitably seek to admit any judicially-noticed documents – and all of their content – for publication to the jury. Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."). The documents are hearsay, contain multiple layers of hearsay, and are undeniably prejudicial to Dr. Adelson's disability claim, inviting the jury to speculate about a murder investigation. The admission of this evidence will substantially outweigh any probative value, distracting from the medical evidence concerning Dr. Adelson's ability to work as a periodontist. Courts refuse to take judicial notice of guilty pleas – much less the musings found on internet blogs – where notice would have prejudicial effect and potentially "confuse or mislead the jury" on the central issues in the case. *E.g.*, *Rightchoice Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-cv-06037-DGK, 2021 WL 4258753, at *1-2 (W.D. Mo. Sep. 17, 2021) (citing Fed. R. Evid. 403) (refusing to take notice of defendant's guilty plea in related criminal case involving conspiracy to commit health care fraud). This Court should refuse to take judicial notice of documents and events submitted by Berkshire because they are irrelevant, cannot establish any adjudicative facts, and their prejudicial content far outweighs any possible probative value.

CASE NO. 20-cv-62692-SMITH/Valle

WHEREFORE, Plaintiff Charles J. Adelson respectfully requests an Order denying Berkshire's Renewed Motion for Judicial Notice in its entirety, and any further relief this Court deems equitable, just, and proper.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Benjamin C. Hassebrock
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpm-legal.com
**Benjamin C. Hassebrock**
Florida Bar No. 76504
bhassebrock@vpm-legal.com
pmartinez@vpm-legal.com
**Alexander I. Loy**
Florida Bar No. 1011549
aloy@vpm-legal.com
lmulhall@vpm-legal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 24, 2023 on all counsel or parties of record on the Service List below.

/s/ Benjamin C. Hassebrock
**Benjamin C. Hassebrock**

CASE NO. 20-cv-62692-SMITH/Valle

## SERVICE LIST
## CASE NO. 20-cv-62692-SMITH/Valle

Wendy L. Furman, Esq.
Lelia M. M. Schleier, Esq.
McDowell Hetherington LLP
2835 N.W. Executive Center Drive
Suite 400
Boca Raton, FL 33431
Telephone: 561.994.4311
Facsimile: 561.982.8985
wendy.furman@mhllp.com
lia.schleier@mhllp.com

Thomas F.A. Hetherington, Esq.
McDowell Hetherington, LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone: 713.337.5580
tom.hetherington@mhllp.com
Admitted Pro Hac Vice
*Counsel for Defendant*